IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FORTNA SYSTEMS, INC., | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:24-CV-1274 OLG |
| | § | |
| PLUS ONE ROBOTICS, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| DEFENDANT | § | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Fortna Systems, Inc. ("Fortna" or "Plaintiff"), by and through its undersigned counsel, hereby files its First Amended Complaint for Patent Infringement and alleges as follows:

**NATURE OF ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and in particular 35 U.S.C. § 271.

**PARTIES**

2.      Plaintiff Fortna Systems, Inc., formerly known as Material Handling Systems, Inc., is a Kentucky corporation with a principal office in Mount Washington, Kentucky.

3.      Defendant Plus One Robotics, Inc. ("Defendant") is a Delaware corporation with a principal address in Wilson County, Texas, at 298 Haley Lane, La Vernia, Texas 78121. Defendant's registered agent for service of process is Cogency Global Inc. located at 1601 Elm Street, Suite 4360, Dallas, Texas 75201, or wherever it may be found.

**JURISDICTION AND VENUE**

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Defendant is subject to personal jurisdiction in Texas, and this judicial district specifically, because it is registered to do business in Texas, it does business here, and its headquarters are located in this judicial district. Furthermore, upon information and belief, Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this judicial district and/or has contributed to patent infringement by others in this judicial district, the State of Texas, and throughout the United States.

6.      Venue is proper in the San Antonio Division of the Western District of Texas pursuant to 28 U.S.C. §§ 1391(a)(1), (b), and (c) and 1400(b) because Defendants resides here, does business here, and its headquarters are here, and furthermore, upon information and belief, Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this judicial district and/or has contributed to patent infringement by others in this judicial district, the State of Texas, and throughout the United States.

## PATENTS-IN-SUIT

7.      Fortna is the owner and assignee of all right, title, and interest in United States Patent Nos. 11,753,256 (the "'256 Patent") and 12,059,803 (the "'803 Patent"; collectively with the '256 Patent, the "Patents-in-Suit"). Fortna has all rights to enforce and prosecute actions for infringement and to seek damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Fortna possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

8.      On September 12, 2023, the United States Patent and Trademark Office issued the '256 Patent. The '256 Patent is titled "Conveyor System with Multiple Robot Singulators." The

application that matured into the '256 Patent was filed on May 20, 2021, and was assigned Serial No. 17/325,719. A true and correct copy of the '256 Patent is attached to this Complaint as Exhibit 1 and is incorporated herein by reference.

9.      The '256 Patent is valid and enforceable.

10.      On August 13, 2024, the United States Patent and Trademark Office issued the '803 Patent. The '803 Patent is titled "Conveyor System with Multiple Robot Singulators and Buffering Conveyor." The application that matured into the '803 Patent was filed on September 9, 2022, and was assigned Serial No. 17/941,735. A true and correct copy of the '803 Patent is attached to this Complaint as Exhibit 2 and is incorporated herein by reference.

11.      The '803 Patent is valid and enforceable.

## DEFENDANT'S INFRINGING CONDUCT

12.      Fortna and Defendant are direct competitors in the automated material handling industry.

13.      On October 10, 2023, Fortna, through its counsel, sent a letter to Defendant through Erik Nieves, Defendant's CEO, that placed Defendant on notice of a number of patents owned by Fortna, including, but not limited to, the '256 Patent. Fortna also enclosed a copy of the '256 Patent with the October 10, 2023 letter.

14.      On May 7, 2024 (nearly seven months after receiving notice and a copy of the '256 Patent), Defendant issued a press release announcing the introduction of its "InductOne: A Dual-Arm Automated Parcel Induction Solution to Maximize Throughput" (the "Accused Product"). In the press release, Defendant described the Accused Product as "a dual-arm automated parcel induction solution designed to optimize parcel singulation and induction in high-volume

fulfillment and distribution centers." Defendant further stated, "A key characteristic of InductOne is its innovative dual-arm design, which significantly outperforms single-arm solutions."

15.    In the brochure available on Defendant's website [1], Defendant describes the Accused Product as "a major breakthrough in automated parcel induction, leveraging 1 billion picks of production experience to deliver unmatched flexibility and productivity." Defendant further states in the brochure, "Surpassing the contracts of traditional single-arm parcel induction solutions, InductOne's innovative design delivers choreographed dual-arm motion which enables industry-leading sustained rates of 2,200-2,300 picks/hour (peak rate: 3,300 picks/hour)."

16.    On May 24, 2024, Fortna, through counsel, sent a second letter to Defendant, through Mr. Nieves, in which Fortna informed Defendant that its making, selling, offering for sale, and/or use of the Accused Product infringed at least claims 1 and 13 of the '256 Patent. Fortna also informed Defendant that it believes Defendant was willfully infringing the '256 Patent.

17.    On June 20, 2024, Defendant, through counsel, sent a letter to Fortna's counsel in which Defendant denied the Accused Product infringed the '256 Patent.

18.    On September 5, 2024, counsel for Fortna sent a letter to Defendant's counsel. In the letter, Fortna's counsel rejected Defendant's non-infringement position. Fortna's counsel further informed Defendant that it also was infringing at least claims 1 and 9 of the '803 Patent and enclosed a copy of the '803 Patent. In that letter, Fortna demanded Defendant and/or anyone acting on its behalf immediately cease and desist from making, selling, offering for sale, or importing the InductOne product or any other products that fall within the scope of the '256 Patent and/or the '803 Patent.

---

[1] https://www.plusonerobotics.com/inductone.

19.     As of the date of this First Amended Complaint, and although Defendant's counsel acknowledged receipt of the September 5, 2024 letter, Defendant has not provided a substantive response to the September 5, 2024 letter.

20.     Despite these notices and having copies of the '256 and '803 Patents, Defendant continues to make, sell, offer for sale, and/or use the Accused Product.

## CAUSES OF ACTION

### COUNT I: INFRINGEMENT OF THE '256 PATENT

21.     Fortna repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though they were fully rewritten herein.

22.     Fortna has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '256 Patent.

23.     Claim 1 of the '256 Patent claims as follows (with bracketed letter added for clarity):

A conveyor system, comprising:

[a]     a first robot singulator;

[b]     a second robot singulator;

[c]     a picking area from which parcels of a bulk flow of parcels can be engaged and transferred by the first robot singulator or the second robot singulator;

[d]     a place conveyor positioned downstream of the picking area and including a place area for receiving parcels transferred by the first robot singulator or the second robot singulator; and

[e]     a vision and control subsystem operably connected to the first robot singulator, the second robot singulator, the vision and control subsystem including

[e1]     a first camera for acquiring one or more images of the picking area and any parcels located in the picking area, and

[e2]     a controller including a processor for executing instructions stored in a memory component to (i) receive and process image data corresponding to an initial image of the picking area acquired by the first camera, and (ii) selectively communicate instructions to the first robot singulator and the second robot singulator which cause the first robot singulator and the second robot singulator to successively engage and transfer parcels of the bulk flow of parcels positioned in the picking area to the place area of the place conveyor;

[f]      wherein the picking area is defined by a pick conveyor with a conveying surface that can be indexed and advanced forward, and wherein the memory component further includes instructions, which, when executed by the processor, cause the controller to communicate instructions which cause the pick conveyor to index a predetermined distance to move a parcel of the bulk flow of parcels into the picking area of the pick conveyor immediately following removal of another parcel of the bulk flow of parcels from the picking area of the pick conveyor.

24.     As shown in the pre-discovery claim charts attached as collective Exhibit 3, Fortna is informed and believes the Accused Product meets each and every claim limitation of at least claim 1 of the '256 Patent:

a.     The Accused Product is a conveyor system;

b.     The Accused Product has first and second robot singulators;

6

c.      The Accused Product has a picking area from which parcels of a bulk flow of parcels can be engaged and transferred by the first robot singulator or the second robot singulator;

d.      The Accused Product has a place conveyor positioned downstream of the picking area and including a place area for receiving parcels transferred by the first robot singulator or the second robot singulator; and

e.      The Accused Product has a vision and control subsystem operably connected to the first robot singulator, the second robot singulator, the vision and control subsystem including a first camera for acquiring one or more images of the picking area and any parcels located in the picking area, and a controller including a processor for executing instructions stored in a memory component to (i) receive and process image data corresponding to an initial image of the picking area acquired by the first camera, and (ii) selectively communicate instructions to the first robot singulator and the second robot singulator which cause the first robot singulator and the second robot singulator to successively engage and transfer parcels of the bulk flow of parcels positioned in the picking area to the place area of the place conveyor;

f.      The picking area of the Accused Product is defined by a pick conveyor with a conveying surface that can be indexed and advanced forward, and wherein the memory component further includes instructions, which, when executed by the processor, cause the controller to communicate instructions which cause the pick conveyor to index a predetermined distance to move a parcel of the bulk flow of parcels into the picking area of the pick conveyor immediately following removal of another parcel of the bulk flow of parcels from the picking area of the pick conveyor.

25.    Claim 13 of the '256 Patent claims as follows (with bracketed letter added for clarity):

A conveyor system, comprising:

[a]    a first robot singulator;

[b]    a second robot singulator;

[c]    a picking area from which parcels of a bulk flow of parcels can be engaged and transferred by the first robot singulator or the second robot singulator;

[d]    a place conveyor positioned downstream of the picking area and including a place area for receiving parcels transferred by the first robot singulator or the second robot singulator;

[e]    a vision and control subsystem operably connected to the first robot singulator, the second robot singulator, the vision and control subsystem including

[e1]    a first camera for acquiring one or more images of the picking area and any parcels located in the picking area, and

[e2]    a controller including a processor for executing instructions stored in a memory component to (i) receive and process image data corresponding to an initial image of the picking area acquired by the first camera, and (ii) selectively communicate instructions to the first robot singulator and the second robot singulator which cause the first robot singulator and the second robot singulator to successively engage and transfer parcels of the bulk flow of parcels positioned in the picking area to the place area of the place conveyor; and

[f]    a framework for supporting the first robot singulator and the second robot singulator, and wherein the first robot singulator and the second robot singulator are each mounted to the framework in an inverted orientation over the picking area.

8

26.    As shown in the pre-discovery claim charts attached as collective Exhibit 3, Fortna is informed and believes the Accused Product meets each and every claim limitation of at least claim 13 of the '256 Patent:

a.    The Accused Product is a conveyor system;

b.    The Accused Product has first and second robot singulators;

c.    The Accused Product has a picking area from which parcels of a bulk flow of parcels can be engaged and transferred by the first robot singulator or the second robot singulator;

d.    The Accused Product a place conveyor positioned downstream of the picking area and including a place area for receiving parcels transferred by the first robot singulator or the second robot singulator;

e.    The Accused Product a vision and control subsystem operably connected to the first robot singulator, the second robot singulator, the vision and control subsystem including a first camera for acquiring one or more images of the picking area and any parcels located in the picking area, and a controller including a processor for executing instructions stored in a memory component to (i) receive and process image data corresponding to an initial image of the picking area acquired by the first camera, and (ii) selectively communicate instructions to the first robot singulator and the second robot singulator which cause the first robot singulator and the second robot singulator to successively engage and transfer parcels of the bulk flow of parcels positioned in the picking area to the place area of the place conveyor; and

f.    The Accused Product has a framework for supporting the first robot singulator and the second robot singulator, and wherein the first robot singulator and the

second robot singulator are each mounted to the framework in an inverted orientation over the picking area.

27.    Claim 18 of the '256 Patent claims as follows (with bracketed letter added for clarity):

A conveyor system, comprising:

[a]    a first robot singulator;

[b]    a second robot singulator;

[c]    a pick conveyor for carrying a bulk flow of parcels and including a picking area from which parcels of the bulk flow of parcels can be engaged and transferred by the first robot singulator or the second robot singulator;

[d]    a place conveyor positioned downstream of the pick conveyor and including a place area for receiving parcels transferred by the first robot singulator or the second robot singulator; and

[e]    a vision and control subsystem operably connected to the first robot singulator, the second robot singulator, and the pick conveyor, the vision and control subsystem including

[e1]    a first camera for acquiring one or more images of the picking area of the pick conveyor and any parcels located in the picking area, and

[e2]    a controller including a processor for executing instructions stored in a memory component to (i) receive and process image data corresponding to initial image of the picking area of the pick conveyor acquired by the first camera, (ii) selectively communicate instructions to the first robot singulator and the second robot singulator which cause the first robot singulator and the second robot singulator to successively engage and transfer parcels of the bulk flow of parcels positioned in

10

the picking area of the pick conveyor to the place area of the place conveyor, (iii) selectively index the pick conveyor a predetermined distance to move a parcel of the bulk flow of parcels into the picking area of the pick conveyor immediately following removal of another parcel of the bulk flow of parcels from the picking area of the pick conveyor.

28.     As shown in the pre-discovery claim charts attached as collective Exhibit 3, Fortna is informed and believes the Accused Product meets each and every claim limitation of at least claim 18 of the '256 Patent:

a.      The Accused Product is a conveyor system;

b.      The Accused Product has first and second robot singulators;

c.      The Accused Product has a pick conveyor for carrying a bulk flow of parcels and including a picking area from which parcels of the bulk flow of parcels can be engaged and transferred by the first robot singulator or the second robot singulator;

d.      The Accused Product has a place conveyor positioned downstream of the pick conveyor and including a place area for receiving parcels transferred by the first robot singulator or the second robot singulator; and

e.      The Accused Product has a vision and control subsystem operably connected to the first robot singulator, the second robot singulator, and the pick conveyor, the vision and control subsystem including a first camera for acquiring one or more images of the picking area of the pick conveyor and any parcels located in the picking area, and a controller including a processor for executing instructions stored in a memory component to (i) receive and process image data corresponding to initial image of the picking area of the pick conveyor acquired by the first camera, (ii) selectively communicate instructions

11

to the first robot singulator and the second robot singulator which cause the first robot singulator and the second robot singulator to successively engage and transfer parcels of the bulk flow of parcels positioned in the picking area of the pick conveyor to the place area of the place conveyor, (iii) selectively index the pick conveyor a predetermined distance to move a parcel of the bulk flow of parcels into the picking area of the pick conveyor immediately following removal of another parcel of the bulk flow of parcels from the picking area of the pick conveyor.

29.    Fortna is informed and believes Defendant has directly infringed and continues to directly infringe the '256 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by itself and/or through its agents, unlawfully and wrongfully making, using, offering to sell, selling and/or importing into the United States the Accused Product, which satisfied each and every limitation of one or more of the claims of the '256 Patent without permission or license from Fortna, and will continue to do so unless enjoined by this Court.

30.    Fortna is informed and believes Defendant has indirectly infringed and continues to indirectly infringe one or more of the claims of the '256 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Product, which satisfies each and every limitation of one or more of the claims of the '256 Patent.

31.    Fortna is informed and believes Defendant, with knowledge that the Accused Product infringes the '256 Patent based upon the letters dated October 10, 2023, May 24, 2024, and September 5, 2024, knowingly and intentionally induced, and continues to knowingly and

4888-9142-2458, v. 2

intentionally induce, direct infringement of the '256 Patent by providing the infringing Accused Product for sale at in this judicial district, in Texas, and throughout the United States.

32.    Based upon, at least, Fortna's multiple notices of infringement coupled with Defendant's ongoing sales efforts despite the notices, Fortna is informed and believes Defendant has intentionally induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others infringe the '256 Patent, but while remaining willfully blind to that infringement.

33.    Fortna has suffered, and continues to suffer, damages as a result of Defendant's direct infringement of the '256 Patent in an amount to be determined at trial.

34.    Fortna has suffered, and will continue to suffer, irreparable harm as a result of Defendant's direct and indirect infringement of the '256 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined permanently by this Court.

### COUNT II: INFRINGEMENT OF THE '803 PATENT

35.    Fortna repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though they were fully rewritten herein.

36.    Fortna has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '803 Patent.

37.    Claim 1 of the '803 Patent claims as follows (with bracketed letter added for clarity):

A conveyor system, comprising:

[a]    a first robot singulator;

[b]    a second robot singulator;

[c]    a picking area from which parcels of a bulk flow of parcels can be engaged and transferred by the first robot singulator or the second robot singulator;

[d]    a first place conveyor positioned downstream of the picking area and configured to receive parcels transferred by the first robot singulator;

[e]    a second place conveyor positioned downstream of the picking area and the first place conveyor, the second picking area and the first place conveyor, the second place conveyor configured to receive parcels transferred by the second robot singulator and further configured to receive parcels from the first place conveyor;

[f]    a buffering conveyor positioned between the first place conveyor and the second place conveyor for regulating a rate at which parcels offloaded by the first place conveyor are transferred to the second place conveyor; and

[g]    a vision and control subsystem operably connected to the first robot singulator, the second robot singulator, and the buffering conveyor, the vision and control subsystem including

[g1]    a first camera for acquiring one or more images of the picking area and any parcels located in the picking area, and

[g2]    a controller including a processor for executing instructions stored in a memory component to (i) receive and process image data corresponding to an initial image of the picking area acquired by the first camera, (ii) selectively communicate instructions to the first robot singulator which cause the first robot singulator to engage and transfer parcels of the bulk flow of parcels positioned in the picking area to the first place conveyor, (iii) selectively communicate instructions to the second robot singulator which cause the second robot singulator to engage and transfer parcels positioned in the picking area to the second place conveyor, and (iv) selectively communicate instructions to the buffering conveyor which cause

the buffering conveyor to index and transfer parcels from the first place conveyor to the second place conveyor.

38.    As shown in the pre-discovery claim charts attached as collective Exhibit 4, Fortna is informed and believes the Accused Product meets each and every claim limitation of at least claim 1 of the '803 Patent:

a.    The Accused Product is a conveyor system;

b.    The Accused Product has first and second robot singulators;

c.    The Accused Product has a picking area from which parcels of a bulk flow of parcels can be engaged and transferred by the first robot singulator or the second robot singulator;

d.    The Accused Product has a first place conveyor positioned downstream of the picking area and configured to receive parcels transferred by the first robot singulator;

e.    The Accused Product has a second place conveyor positioned downstream of the picking area and the first place conveyor, the second picking area and the first place conveyor, the second place conveyor configured to receive parcels transferred by the second robot singulator and further configured to receive parcels from the first place conveyor;

f.    The Accused Product has a buffering conveyor positioned between the first place conveyor and the second place conveyor for regulating a rate at which parcels offloaded by the first place conveyor are transferred to the second place conveyor; and

g.    The Accused Product has a vision and control subsystem operably connected to the first robot singulator, the second robot singulator, and the buffering conveyor, the vision and control subsystem including a first camera for acquiring one or

15

more images of the picking area and any parcels located in the picking area, and a controller including a processor for executing instructions stored in a memory component to (i) receive and process image data corresponding to an initial image of the picking area acquired by the first camera, (ii) selectively communicate instructions to the first robot singulator which cause the first robot singulator to engage and transfer parcels of the bulk flow of parcels positioned in the picking area to the first place conveyor, (iii) selectively communicate instructions to the second robot singulator which cause the second robot singulator to engage and transfer parcels positioned in the picking area to the second place conveyor, and (iv) selectively communicate instructions to the buffering conveyor which cause the buffering conveyor to index and transfer parcels from the first place conveyor to the second place conveyor.

39.    Claim 9 of the '803 Patent claims as follows (with bracketed letter added for clarity):

A conveyor system, comprising:

[a]    a first robot singulator;

[b]    a second robot singulator;

[c]    a picking area, including a first picking area from which parcels of a bulk flow of parcels can be engaged and transferred by the first robot singulator, and a second picking area from which parcels of the bulk flow of parcels can be engaged and transferred by the second robot singulator;

[d]    a first place conveyor positioned downstream of the picking area and configured to receive parcels transferred by the first robot singulator from the first picking area;

[e]    a second place conveyor positioned downstream of the picking area and the first place conveyor, the second place conveyor configured to receive parcels transferred

by the second robot singulator from the second picking area, and further configured to receive parcels from the first place conveyor; and

[f]    A buffering conveyor positioned between the first place conveyor and the second place conveyor for regulating a rate at which parcels offloaded by the first place conveyor are transferred to the second place conveyor.

40.    As shown in the pre-discovery claim charts attached as collective Exhibit 4, Fortna is informed and believes the Accused Product meets each and every claim limitation of at least claim 9 of the '803 Patent:

a.    The Accused Product is a conveyor system;

b.    The Accused Product has first and second robot singulators;

c.    The Accused Product has a picking area, including a first picking area from which parcels of a bulk flow of parcels can be engaged and transferred by the first robot singulator, and a second picking area from which parcels of the bulk flow of parcels can be engaged and transferred by the second robot singulator;

d.    The Accused Product has a first place conveyor positioned downstream of the picking area and configured to receive parcels transferred by the first robot singulator from the first picking area;

e.    The Accused Product has a second place conveyor positioned downstream of the picking area and the first place conveyor, the second place conveyor configured to receive parcels transferred by the second robot singulator from the second picking area, and further configured to receive parcels from the first place conveyor; and

f.    The Accused Product has a buffering conveyor positioned between the first place conveyor and the second place conveyor for regulating a rate at which parcels offloaded by the first place conveyor are transferred to the second place conveyor.

41.    Fortna is informed and believes Defendant has directly infringed and continues to directly infringe the '803 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by itself and/or through its agents, unlawfully and wrongfully making, using, offering to sell, selling and/or importing into the United States the Accused Product, which satisfied each and every limitation of one or more of the claims of the '803 Patent without permission or license from Fortna, and will continue to do so unless enjoined by this Court.

42.    Fortna is informed and believes Defendant has indirectly infringed and continues to indirectly infringe one or more of the claims of the '803 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Product, which satisfies each and every limitation of one or more of the claims of the '803 Patent.

43.    Fortna is informed and believes Defendant, with knowledge that the Accused Product infringes the '803 Patent based upon the September 5, 2024, letter knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '803 Patent by providing the infringing Accused Product for sale at in this judicial district, in Texas, and throughout the United States.

44.    Based upon, at least, Fortna's notice of infringement coupled with the lack of response from Defendant to the allegations of infringement of the '803 Patent in the September 5, 2024 letter and Defendant's ongoing sales efforts despite the notices, Fortna is informed and

believes Defendant has intentionally induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others infringe the '803 Patent, but while remaining willfully blind to that infringement.

45.     Fortna has suffered, and continues to suffer, damages as a result of Defendant's direct infringement of the '803 Patent in an amount to be determined at trial.

46.     Fortna has suffered, and will continue to suffer, irreparable harm as a result of Defendant's direct and indirect infringement of the '803 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined permanently by this Court.

## JURY DEMAND

47.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Fortna respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Fortna respectfully requests this Court to enter judgment against Defendant, granting the following relief:

A.     A declaration that the '256 Patent and the '803 Patent are valid and enforceable, and that Defendant has infringed the Patents-in-Suit under the provisions of 35 U.S.C. § 271;

B.     An award of damages to compensate Fortna for infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 284;

C.     An order that Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patents-in-Suit under 35 U.S.C. § 283;

D.      An award of damages, including trebling of all damages, sufficient to remedy Defendant's willful infringement of the Patents-in-Suit under 35 U.S.C. § 284;

E.      A declaration that this case is exceptional, and award to Fortna its reasonable attorneys' fees, expenses, and costs under 35 U.S.C. § 285;

F.      An award of prejudgment and post-judgment interest; and

G.      Such other and further relief as this Court deems just and proper.


Dated:  November 14, 2024                    Respectfully submitted,

                                             **PULMAN, CAPPUCCIO & PULLEN, LLP**
                                             2161 NW Military Hwy., Suite 400
                                             San Antonio, Texas 78213
                                             www.pulmanlaw.com
                                             Telephone: (210) 222-9494
                                             Facsimile: (210) 892-1610


                                             */s/ Leslie Sara Hyman*
                                                 Elliott S. Cappuccio
                                                 Texas State Bar No. 24008419
                                                 ecappuccio@pulmanlaw.com
                                                 Leslie Sara Hyman
                                                 Texas State Bar No. 00798274
                                                 lhyman@pulmanlaw.com

                                             **AND**

20

**STITES & HARBISON PLLC**

Joel T. Beres (KY Bar No. 84376)
jberes@stites.com
400 W. Market Street, Suite 1800
Louisville, KY 40202
Telephone: (615) 587-3400

Samuel F. Miller (TN Bar No. 022936)
*Admitted pro hac vice*
smiller@stites.com
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN  37219-2490
Telephone: (615) 782-2200

**COUNSEL FOR PLAINTIFF
FORTNA SYSTEMS, INC.**

MA316:223851:1646701:1:NASHVILLE

4888-9142-2458, v. 2